# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## HURLEY V. CHARLES.

### November 16, 1911.

1. EJECTMENT—*Evidence—Deeds—Description.*—In an action of ejectment to recover a large boundary of land described in the declaration, deeds which refer thereto, or to some part or interest therein, and give such a description thereof as is. sufficient for its identification, are admissible in evidence.

2. EVIDENCE—*Domestic Records—Authentication for Use in Domestic Courts.*—While it is provided by section 3334 of the Code that a copy of any record or paper in the clerk's office of any court, attested by the officer in whose office the same is, may be admitted in evidence in lieu of the original, the form of the certificate is not prescribed, and there is no statutory provision regulating the manner in which the records of the proceedings of a court in this State are to be authenticated so as to make them evidence in any other court in the State.

3. EVIDENCE—*Copy of a Will—Authentication—Case at Bar.*—Where the copy of a will is attested by "A. B. Buchanana, D. Clerk," without saying for whom or for what county he is deputy clerk, but this is immediately followed by a copy of the order of probate which is attested by "A. B. Buchanan, Deputy Clerk for S. M. Graham, Clerk of the Circuit Court of Tazewell County, Virginia," it plainly appears that A. B. Buchanan is the deputy clerk of Tazewell county, authorized by law to act in place of his principal, and the copy of the will so authenticated is admissible in evidence.

4. ESTOPPEL BY DEED—*Covenants—After-acquired Title.*—An after-acquired title by a grantor who conveys with covenants of special warranty and quiet possession inures to the benefit of his grantee.

5. JUDICIAL SALES — *Purchaser — Unrecorded Deed by Judgment Debtor.*—Where lands have been sold at a judicial sale to pay judgments against the owner of such lands, and the purchaser has paid the purchase money and obtained a deed, he cannot be affected by an unrecorded deed made by the judgment debtor.

6. BOUNDARIES—*Marked Lines—Natural Objects—Lines of Adjoiners.*—The deeds in evidence, in the case at bar, containing calls

for natural and artificial monuments, the trial court properly refused to instruct the jury that "courses and distances must give way to calls for lines of adjoiners" and in lieu thereof instructed them "that courses and distances must give way for calls for marked lines and natural objects." The condition upon which calls for adjoiners will prevail did not arise.

7. ESTOPPEL—*Unrecorded Deed.*—An unrecorded deed, which is void as to creditors of the grantor and the purchaser at a judicial sale made at their instance, cannot work as an estoppel against those parties and those claiming under them.

Error to a judgment of the Circuit Court of Buchanan county in an action of ejectment. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Roland E. Chase* and *W. A. Daugherty,* for the plaintiff in error.

*Ayers & Smithdeal, A. A. Skeen* and *Burns & Kelly,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

Charles brought an action of ejectment to recover 2,200 acres of land from the defendant, Eli Hurley, but the controversy finally became one with respect to the title to 80.9 acres. There was a verdict for the plaintiff, and Hurley brought the case to this court upon a writ of error.

During the progress of the trial eighteen bills of exceptions were taken to the rulings of the court with respect to the admission of evidence, instructions to the jury, and the motion to set aside the verdict as contrary to the evidence.

Bills of exceptions Nos. 2, 3, 5, 6, 7, 8, 9, 10, 11 and 12 are to the admission in evidence of certain deeds, and may

be considered together. The objection to their admission was a general one—that they insufficiently described the land conveyed. We shall content ourselves with the statement that an inspection of the deeds shows very plainly that each of them refers to the 2,200 acre tract which is described in the declaration, or to some part of or interest therein, and gives such a description thereof as is sufficient for its identification.

Assignment of error No. 4 is as to the admissibility of the will of M. G. B. Davis. The first objection was that the will was not properly probated.

The printed record does not contain the certificate of probate, but counsel agreed that the certificate might be inserted in the record at page 42, immediately after the signature to the will, and that has been done. The certificate appears to be in all respects formal and sufficient.

The second objection to its admission is that it was not properly certified. Bearing upon that question, the facts upon the record as amended are that the will was duly admitted to probate in the County Court of Tazewell county, and the certificate from the clerk's office of Tazewell Circuit Court, attested by "A. B. Buchanan, Deputy Clerk for S. M. Graham, Clerk of the Circuit Court of Tazewell County, Virginia," is in proper form and is sufficient.

But that formal attestation applies only to the certificate of probate of the will. The paper writing appearing in the record as the will of M. G. B. Davis is attested by "A. B. Buchanan, D. Clerk." It does not say for whom or of what county he is the deputy clerk, conceding that we are authorized to say that "D. Clerk" is the equivalent of "Deputy Clerk."

Section 817 of the Code authorizes the clerk of a circuit court, with the consent of the court of which he is clerk, or of the judge thereof in vacation, to appoint one or more deputies, who may discharge any of the official duties of

their principal during his continuance in office, unless it be some duty the performance of which by a deputy is expressly forbidden by law.

Section 3334 of the Code provides, that "A copy of any record or paper in the clerk's office of any court, . . . attested by the officer in whose office the same is . . . may be admitted as evidence in lieu of the original." The form of certificate is not prescribed by the statute.

As was said in *Wynn* v. *Harman's Devisees,* 5 Gratt. 165, "There is no statutory provision regulating the manner in which the records of the proceedings of a court in our State are to be authenticated so as to make them evidence in any other court in the State." In that case it is held that a will certified as "A true copy. John Hunter, C. L. C." was a sufficient certificate that Hunter was the clerk of the court, and the copy of the paper so certified was held to be competent evidence, upon the authority of cases there cited.

In *Morgan* v. *Haley,* 107 Va. 331, 58 S. E. 641, 13 L. R. A. (N. S.) 732, 122 Am. St. Rep. 846, the paper offered in evidence was attested as follows: "A copy, Teste: H. C. T. Ewing, Clerk." Judge Buchanan, delivering the opinion of the court, said: "If the certificate had stated that the person making it was clerk of the court, in whose office the deed was recorded, or had used initials to show that fact, under the decisions of *Gibson* v. *Com'th,* 2 Va. Cases 111, 120; *Wynn* v. *Harman,* 5 Gratt. 157, 165-6, and *Usher* v. *Pride,* 15 Gratt. 190, 195-6, it would clearly have been *prima facie* sufficient. But whether in its present form it was admissible in evidence, it is unnecessary to decide, as the judgment complained of will have to be reversed on other grounds, and the case remanded for a new trial when this question is not likely to arise again, as the defect in the certificate, if it be one, can easily be cured."

If in aid of the certificate signed "A. B. Buchanan, D. Clerk," we are permitted to look to the certificate of probate, the difficulty disappears, for that certificate shows that A. B. Buchanan is the deputy clerk for S. M. Graham, clerk of the Circuit Court of Tazewell county, Virginia, which answers every requirement of the law. It will be observed that the agreement of counsel is that the certificate of probate is to be inserted in the record immediately after the signature to the will. The certificate does not state that the person making it is the clerk of the court, nor in whose office the will was recorded, nor does it use initials to show that fact, unless we are permitted to look to the certificate of probate, by which all of these defects are supplied.

After a careful consideration of the facts, we are reluctant to hold that it was error to admit the copy of the will in evidence. It was duly probated and the transcript of the probate is attested by "A. B. Buchanan, Deputy Clerk for S. M. Graham, Clerk Circuit Court Tazewell County, Va.," and the copy of the will is attested by A. B. Buchanan, D. clerk, and under these circumstances it would be technical in the extreme to reverse the judgment of the circuit court when it plainly can be gathered from the certificate of probate and attestation of the copy of the will that A. B. Buchanan is the deputy clerk of Tazewell county, authorized by law to act in place of his principal.

The 12th assignment of error is as to the effect of the deed from Frank Phillips to Daniel Hurley, which the court told the jury they might consider only for the purpose of locating the boundary lines of the 2,200 acre tract of land, and for no other purpose. This assignment presents the question, whether an after-acquired title by a grantor, who conveys with covenants of special warranty and quiet possession, inures to the benefit of his grantee.

In *Reynolds* v. *Cook*, 83 Va. 821, 3 S. E. 712, 5 Am. St.

Rep. 317, Judge Lewis, speaking for the court, says: "The general rule undoubtedly is, that where land is conveyed without warranty, the grantor is not estopped from setting up an after-acquired title. On the other hand, a covenant of warranty works an estoppel, and the reason usually given is that the estoppel prevents circuity of action." Citing *Doswell* v. *Buchanan's Ex'ors,* 3 Leigh 365, 23 Am. Dec. 280; *Gregory* v. *Peoples,* 80 Va. 355. "But this is not the only ground upon which an estoppel arises. The rule is well established that where the deed recites or affirms, expressly or impliedly, that the grantor is seized of a particular estate which the deed purports to convey, and upon the faith of which the bargain was made, he will be thereafter estopped to deny that such an estate was passed to his vendee, although the deed contains no covenant of warranty at all. And the rule accords with common honesty and fair dealing." Citing among other cases, *Van Rensselaer* v. *Kearney,* 11 How. 297, 13 L. Ed. 703.

In *Reynolds* v. *Cook, supra,* there was a sale of a tract of land with a covenant of general warranty, and after execution of the deed the parties entered into a supplemental contract under seal, in which it was recited, among other things, that Reynolds "grants unto the said Cook the right to quarry and remove all the limestone (free of charge for royalty) that may be required for furnace and agricultural purposes, in connection with the aforesaid Mt. Airy tract of land, from the said Reynolds' land on the opposite side of the river"; and it was with reference to the right to remove the limestone, as to which there was no warranty, that the language quoted from the opinion of Judge Lewis was used.

In *Flanary* v. *Kane,* 102 Va. 566, 46 S. E. 312, 681, Judge Buchanan cites *Reynolds* v. *Cook* with approval; and in *Nye* v. *Lovitt,* 92 Va. 717, 24 S. E. 388, this court said that "In order to avoid circuity of action, it has long been the rule

that a vendor of land was estopped from setting up an after-acquired title against his vendee, where there was a warranty or covenant for title, if the eviction of his vendee would result in an action upon the covenants."

In *Reynolds* v. *Cook, supra,* and *Flanary* v. *Kane, supra,* there were no covenants of warranty, but in the case before us there were the covenant of special warranty and the covenant of quiet possession, both of which would be broken should the plaintiff be permitted to assert claim to the land in controversy either by adverse possession or any after-acquired title. See Va. Code, 1904, sec. 2447, as to the effect of a covenant of special warranty.

There is no error in the ruling of the court as to the effect of the deed alleged to have been made from Frank Phillips to Daniel Hurley. It was never recorded, and was therefore void as to the creditors of Frank Phillips, the grantor. There was a suit instituted by the creditors of Frank Phillips and in that suit the 2,200 acre tract of land was sold and purchased by Charles, the defendant in error, and a deed was made to him pursuant to the decrees of the court. It is manifest, therefore, that an unrecorded deed from the judgment debtor could not affect the purchaser at that judicial sale.

The following instruction was given to the jury at the instance of the plaintiff in the court below: "The court instructs the jury that if they believe by a preponderance of the evidence that the land in controversy is embraced in the 2,200 acre patent issued from the Commonwealth of Virginia to Samuel L. Graham and others on August 28, 1885, then they should find for the plaintiff the land described in the declaration."

Having held the evidence upon which this instruction was predicated to have been properly introduced, it follows, of course, that it was the duty of the jury to render a verdict in accordance with it.

The defendant in the court below asked for the following instruction: "The court further instructs the jury that, although you may believe from the evidence in this case that the correct location of the line of the 2,200 acre grant from the 30 acre N. Hurley tract at point '17' on map is as shown by the white lines by the way of letters S, T, U, V, W. X, Y, Z, to ZZ, yet if you should believe from the evidence, by a preponderance thereof, that Frank Phillips by deed conveyed the land in dispute to Daniel Hurley, you will find for the defendant."

As we understand the instruction, the first part of it would give to the defendant in error the land in controversy unless the jury should believe from the evidence, by a preponderance thereof, that Frank Phillips conveyed the land to Daniel Hurley. But we have just seen that this deed not having been recorded was void as to the creditors of Frank Phillips, and the instruction was properly refused.

The plaintiff in error asked the court to instruct the jury that "courses and distances must give way to calls for lines of adjoiners." The court refused to give this instruction as asked, and over the objection of plaintiff in error instructed the jury as follows: "The court further instructs the jury that courses and distances must give way for calls for marked lines and natural objects."

That the instruction given by the court is good law cannot be controverted.

Both plaintiff in error and defendant in error, with reference to this instruction, rely upon the law as stated in 5 Cyc., p. 925, where the following statement is made: "In the absence of calls for natural or artificial monuments, calls for adjoiners will, as a rule, control other and conflicting calls."

The deeds in evidence in this case do call for natural and artificial monuments. The condition, therefore, upon which

calls for adjoiners will prevail does not arise, and the ruling of the circuit court with respect to this instruction must be approved.

Plaintiff in error contends that if he was estopped by his deed to Frank Phillips, then Frank Phillips and those who claim under him are estopped by the deed made by Phillips to Daniel Hurley, and there would be an estoppel against an estoppel, which would set the whole matter at large.

Without going into the learning upon that subject, it is sufficient to say that the unrecorded deed from Frank Phillips to Daniel Hurley was void as to the creditors of Phillips, and the purchaser under the judicial sale, and therefore cannot work an estoppel in this controversy.

Upon the whole case we are of opinion that the judgment of the circuit court should be affirmed.

*Affirmed.*