MICHAEL E. UNTIEDT

v.

COMMONWEALTH OF VIRGINIA

No. 2347-92-3

Decided August 23, 1994

COUNSEL

Michael E. Untiedt, *pro se.*

Marla Lynn Graff, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, J.**—Michael E. Untiedt (Untiedt) appeals his conviction by bench trial in the Circuit Court of Smyth County for driving seventy-four miles per hour in a fifty-five miles per hour zone. Untiedt contends that the Commonwealth failed to demonstrate the accuracy of the radar device used to register the speed of his vehicle. Specifically, he contends that the certificate of tuning fork accuracy produced by the Commonwealth at trial was not a true copy of the original certificate in the custody of the state police within the meaning of Code § 46.2-882. For the reasons that follow, we agree and reverse Untiedt's conviction.

At trial, following Untiedt's appeal from the general district court, Trooper Michael Dean Spangler (Spangler) testified that he was operating a fixed radar device on Route 11 on the date Untiedt was issued the traffic summons. To establish the accuracy of the instruments used to verify the accuracy of the radar device, Spangler produced a photocopied "Certificate of Tuning Fork Accuracy Test" which had previously been admitted as an exhibit in Untiedt's general district court trial. Spangler testified that he retrieved the photocopy of the certificate from the district court file. The trial judge examined the photocopy of the certificate, noting that "it is stamped attested by the Clerk of the Circuit Court." The photocopy is embossed on its face with the notary public seal of Jodi C. Davis and contains the typewritten statement, "I certify that this is a true copy." Davis signed the attestation as notary public and gave the date of the expiration of her commission, but did not indicate the date she made the attestation. The photocopy also contains on its face a date and time filing stamp from the Smyth County Circuit Court Clerk's Office indicating the document was received at 1:16 p.m. on August 4, 1992. The stamp is not signed or initialed by the clerk or a deputy

clerk.[1] The photocopy shows that the original contains a notarized attestation of the technician who performed the accuracy test.

Untiedt objected to the photocopy's admission on the ground that it did not comport with the requirements of Code § 8.01-391, which he maintained defined the term "true copy" as it appeared in Code § 46.2-882. Spangler then testified that he had a photocopy of the original accuracy certificate which was kept in the state police area office in Wytheville and submitted that copy to the trial court for its inspection. This second photocopy contained no attestation on its face, but was otherwise identical to the first. The trial court then admitted the first certificate as Commonwealth's exhibit No. 1.[2]

Code § 46.2-882 provides in pertinent part:

In any court or legal proceeding in which any question arises about the calibration or accuracy of any . . . radar [device] . . . used to [check] the speed of any motor vehicle, a certificate, *or a true copy thereof*, showing the calibration or accuracy . . . of any tuning fork employed in calibrating or testing the device, and when and by whom the calibration was made, shall be admissible as evidence of the facts therein stated.

(Emphasis added).

██ Untiedt contends, and we agree, that "true copy" is a term of art with a specific meaning with respect to government documents. Code § 8.01-391(B) requires that a copy of an original government document:

---

[1] At trial, the Commonwealth asserted that the presence of the certificate in the general district court file and the time and date stamp of the circuit court clerk qualified the certificate as a true copy. This contention was not reiterated in this appeal. We note, however, that the clerk's stamp does not comport with the requirements for authentication of documents in court files found in Code § 8.01-391(C).

[2] On brief and during oral argument the Commonwealth asserted that both certificates were admitted into evidence. A careful examination of the record reveals that while the trial court examined the second certificate and that the second certificate was included in the court file, its admission was never moved, nor was it received by the trial court as an exhibit. Moreover, because our resolution of the central issue of this appeal demonstrates that neither certificate was a "true copy" within the meaning of the Code, admission or lack of admission of the second certificate is not relevant to the disposition of the case.

shall be as admissible into evidence as the original, whether the original is in existence or not, provided that such copy is authenticated as a true copy both by the custodian of said record and by the person to whom said custodian reports, if they be different, and is accompanied by a certificate that such officer does in fact have the custody.

The Commonwealth asserts that the legislature did not intend for the term "true copy" as it appears in Code § 46.2-882 to be controlled by the requirements for authenticating a true copy found in Code § 8.01-391(B). We disagree. "Statutes must be construed consistently with each other and so as to reasonably and logically effectuate their intended purpose." *Nelson v. County of Henrico*, 10 Va. App. 558, 561, 393 S.E.2d 644, 646 (1990). There is no conflict between Code §§ 8.01-391 and 46.2-882; the former defines the requirements for authenticating a true copy, and the latter uses that term in a consistent manner.

The certificate admitted as evidence of the accuracy of the tuning forks used to calibrate the radar device contains a notary public's attestation, but that attestation does not aver that the notary is the custodian of the original nor that she has (or had at the time) the original in her custody. Accordingly, the photocopy of the certificate was not a "true copy" within the meaning of the Code, but was, rather, inadmissible hearsay.[3] *Cf. Zubricki v. Motter*, 12 Va. App. 999, 1002, 406 S.E.2d 672, 674 (1991) (holding under comparable circumstances that "in the absence of proper authentication, these [documents] were hearsay and were improperly admitted"). For these reasons, Untiedt's conviction is reversed, and this case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Coleman, J., and Elder, J., concurred.

---

[3] We note further that even if the certificates presented at trial had been true copies, they would nonetheless have been inadmissible. Code § 46.2-882 states that no certificate of calibration or accuracy shall be valid for more than six months. *See Myatt v. Commonwealth*, 11 Va. App. 163, 167, 397 S.E.2d 275, 277-78 (1990). The certificates presented at trial indicate that the tests were performed and the certificates prepared in April 1991. Untiedt received his speeding citation on January 2, 1992, eight months after the certificates were prepared. Accordingly, verification of the radar device's accuracy based on use of the tuning forks would not have been in compliance with the statute.