COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Coleman and Elder
Argued at Richmond, Virginia


RICKY MASON DURRETTE
                                              OPINION BY
v.        Record No. 0541-95-2        JUDGE LARRY G. ELDER
                                            MARCH 19, 1996
COUNTY OF SPOTSYLVANIA


             FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                      J. Peyton Farmer, Judge


             Benjamin H. Woodbridge, Jr. (Woodbridge &
             Reamy, on brief), for appellant.

             Stuart C. Sullivan, III, Assistant
             Commonwealth's Attorney, for appellee.


     Ricky Mason Durrette (appellant) appeals his conviction for
driving under the influence of alcohol in violation of
Spotsylvania County Code § 12-86 and Virginia Code § 18.2-266.
Appellant contends that the trial court erred in allowing into
evidence the Division of Forensic Science's certificate of
analysis establishing his blood alcohol content, where such
certificate was attested by a "division designated
representative" instead of by the Division Director.  Because the
trial court did not err, we affirm the conviction.

                              I.

                            FACTS

     At approximately 3:00 p.m. on October 26, 1994, appellant's
pickup truck struck Spotsylvania Deputy Sheriff Joseph Cagnina's
patrol car head on.  Deputy Sheriff E. E. Crawford was dispatched

to the accident scene and detected an odor of alcohol coming from appellant's person.  Appellant told Crawford he had consumed "a few drinks with co-workers" and some bourbon prior to the collision.  Police arrested appellant for driving under the influence of alcohol.  A blood test, taken after police secured appellant's informed consent, revealed that his blood alcohol level was .12 percent.

At trial, appellant objected to the introduction of the blood test certificate, asserting that it was not properly attested by the Division Director or an employee to whom the Director delegated this duty.  The Division's certificate of analysis was signed by R. D. Cook, "a division employee," who was also a "division designated representative," as noted directly underneath the signature block.[1]  The trial court, sitting without a jury, overruled the objection and found appellant guilty of driving under the influence of alcohol.

## II.

### PROPER DELEGATION AND ATTESTATION

Code § 18.2-268.7 states:

> Upon receipt of a blood sample

---

[1]  The certificate's signature block reads:

```
TESTE _____
     (Division Director)     (Division Designated Representative)
                                           A DIVISION EMPLOYEE
```

R. D. Cook's signature appears on the line marked "TESTE," and "Division Designated Representative" is circled.

forwarded to the Division for analysis pursuant to § 18.2-268.6, the Division shall have it examined for its alcohol or drug or both alcohol and drug content and the Director shall execute a certificate of analysis indicating the name of the accused; the date, time and by whom the blood sample was received and examined; a statement that the seal on the vial had not been broken or otherwise tampered with; a statement that the container and vial were provided by the Division and that the vial was one to which the completed withdrawal certificate was attached; and a statement of the sample's alcohol or drug or both alcohol and drug content. The Director shall remove the withdrawal certificate from the vial, attach it to the certificate of analysis and state in the certificate of analysis that it was so removed and attached. The certificate of analysis with the withdrawal certificate shall be returned to the clerk of the court in which the charge will be heard. . . .

When a blood sample taken in accordance with the provisions of §§ 18.2-268.2 through 18.2-268.6 is forwarded for analysis to the Division, a report of the test results shall be filed in that office. Upon proper identification of the certificate of withdrawal, the certificate of analysis, with the withdrawal certificate attached, shall, when attested by the Director, be admissible in any court, in any criminal or civil proceeding, as evidence of the facts therein stated and of the results of such analysis . . . .

* * * * * * *

The Director may delegate or assign these duties to an employee of the Division of Forensic Science.

(Emphasis added).

Appellant asserts that in order for the certificate to meet the statutory requirements as an exception to the hearsay rule,

the certificate, on its face, must establish that the Director delegated his or her duties to the employee signing the certificate's attestation clause. Appellant argues that in this case, the certificate contains no information that R. D. Cook was an employee to whom the Director delegated the duties imposed by Code § 18.2-268.7. We disagree and hold that because the certificate complies with Code § 18.2-268.7, the trial court did not err in allowing the certificate into evidence.

As the Commonwealth contends, the Supreme Court's decision in Hurley v. Charles, 112 Va. 706, 72 S.E. 689 (1911) instructs our analysis.

> The question before the Court in Hurley was whether a will had been properly certified. The will had been admitted to probate in the county court of Tazewell County, and the certificate of probate, attested by "A.B. Buchanan, Deputy Clerk for S.M. Graham, Clerk of the Circuit Court of Tazewell County, Virginia" was found to be in proper form and sufficient. The certificate accompanying the actual will, however, contained only the following: "A.B. Buchanan, D. Clerk." The Supreme Court concluded that the will had been properly certified because the two documents, when read together, met the requirements of Code § 3334. In reaching this conclusion, the court stated: "[U]nder these circumstances, it would be technical in the extreme to reverse the judgment of the circuit court when it plainly can be gathered from the certificate of probate and attestation of the copy of the will that A.B. Buchanan is the deputy clerk of Tazewell county, authorized by law to act in place of his principal." Id. at 710, 72 S.E. at [690-91].

Carroll v. Commonwealth, 10 Va. App. 686, 689-90, 396 S.E.2d 137,

139-40 (1990)(emphasis added).

In <u>Hurley</u>, the Court found that sufficient indicia proved the signator was the deputy clerk authorized to act on behalf of the clerk. <u>See also</u> <u>Taylor v. Maritime Overseas Corp.</u>, 224 Va. 562, 299 S.E.2d 340 (1983)(holding documents introduced into evidence were not properly certified where nothing showed that the certifying officer was the documents' custodian); <u>Morgan v. Haley</u>, 107 Va. 331, 58 S.E. 564 (1907)(holding a document would clearly be valid where the certificate stated that the person making it was clerk of the court, stated in whose office the deed was recorded, or used initials to show that fact); <u>Carroll</u>, <u>supra</u> (holding that the trial court's order was not properly authenticated and certified as required by statute, where the order itself contained no evidence that the signator was authorized to act in the place of the clerk of court).

In this case, none of the problems posed in the cases cited above are presented. The Division's certificate of analysis was signed by R. D. Cook, "a division employee," who was also a "division designated representative," as noted directly underneath the signature block. Unlike <u>Carroll</u>, the certificate of analysis, on its face, reveals that R. D. Cook is not only "a division employee," but also was authorized as a "designated representative" for the Division. Although a more artful drafting of the certificate's attestation clause would have better satisfied Code § 18.2-268.7's directives, the language

-5-

contained underneath the signature block was nevertheless satisfactory in that regard.

For the foregoing reasons, we affirm appellant's conviction.

<u>Affirmed.</u>