BENTON, Judge,
concurring, in part, and dissenting, in part.
I agree with the majority’s conclusion that the trial judge erred in ruling that Code § 8.01-390(A) controlled the issue of authentication and admission in evidence of the certificate. I also agree that Code § 8.01-391(B) is the controlling statute. I do not agree, however, that the record establishes compliance with Code § 8 .01-391(B).
In pertinent part, Code § 8.01-391(B) provided as follows when this case was tried:
If any department, division, institution, agency, board, or commission of this Commonwealth ... has copied any record made in the performance of its official duties, such copy shall be as admissible into evidence as the original, whether *559 the original is in existence or not, provided that such copy is authenticated as a true copy both by the custodian of said record and by the person to whom said custodian reports, if they be different, and is accompanied by a certificate that such officer does in fact have the custody.
In this case, no evidence in the record tends to establish that Campbell, the “Director,” is “the person to whom” Hux, the “Custodian of Records,” reports. The mere fact that a person’s job title or job category description appears below the signature line of the certifying person does not prove the statutorily required fact. See Taylor v. Maritime Overseas Corp., 224 Va. 562, 565, 299 S.E.2d 340, 342 (1983) (applying similar language of Code § 8.01-390). The authentication in this case is not significantly different than the authentication offered and rejected in Taylor. See 224 Va. at 565-66, 299 S.E.2d at 342. The phrase, “Officer in Charge,” is riot less clear than the word “Director.” If anything, the former phrase better fulfills the statutory requirement because it implies that the signer is “in charge of’ the alleged custodian.
I agree with the majority’s conclusion that the statute’s second authentication requirement means the custodian must have custody of the document when the copy is made. No evidence tends to prove, however, that the copy of the certificate that was admitted into evidence was “accompanied by a certificate that [Hux] does in fact have the custody.” Nothing on the certificate indicates that fact. Although Hux’s job title, “custodian of records,” is more descriptive than the title of the alleged custodian in Taylor, see 224 Va. at 565, 299 S.E.2d at 342, the job title itself does not establish that Hux had the original certificate in his possession when he certified the proffered copy to be a true copy. Being a generic “custodian of records” does not prove custody of a particular document and certainly does not prove custody of the document when the copy was made.
While demanding compliance with these requirements may appear to be elevating form over substance, the legislature has mandated these requirements for authenticating a record. A *560 proponent of evidence must prove these necessary facts before the copy can be considered “authenticated.” Untiedt v. Commonwealth, 18 Va.App. 836, 839, 447 S.E.2d 537, 539 (1994). Absent any evidence to prove these facts, the trial judge could only have speculated that the statutory requirement had been satisfied.
For these reasons, I would hold that the record fails to establish that the Commonwealth satisfied the requirements of Code § 8.01-391(B). Thus, I would reverse the conviction.