# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Commonwealth of Virginia

v.

Roy Junios Boykins

September 5, 2001

Traffic Court Appeal No. 25695-00

BY JUDGE H. VINCENT CONWAY, JR.

This matter is before the court on an appeal from the General District Court (Traffic Division). At trial in the Circuit Court, the defendant moved to exclude the radar calibration certificate offered by the Commonwealth to prove the speed of the defendant's vehicle at 37 m.p.h. in a 25 m.p.h. zone. The evidence was heard, and the admissibility of the calibration certificate was taken under advisement by the court. The matter was continued to October 9, 2001, for sentencing or dismissal.

After considering the arguments of counsel in open court and the briefs submitted by both parties, the court grants the motion of the defendant and dismisses the charge.

## I. *Facts*

At the hearing on August 21, 2001, the police officer testified that on April 29, 2001, he observed the defendant enter his radar field at 41 m.p.h., waited for him to come closer to confirm the reading, and finally locked in on the defendant's vehicle at 37 m.p.h. in a 25 m.p.h. zone. To confirm the

reliability of the instrument used, the officer provided a copy of a Certificate of Calibration, which represents that the unit was calibrated on April 12, 2001. The copy also contains a notarized statement by the technician that the instruments used to make such calibration were themselves properly calibrated. Attached to the copy of the Certificate is a copy of a Certificate of Accuracy, also notarized, confirming the accuracy of the instruments used. The coversheet to which these two documents were attached is an original Authentication of Record, signed by the Deputy Clerk of the General District Court (Traffic Division), which states, pursuant to § 8.01-391 of the Code of Virginia, that the "2 sheets are true copies of records of the above-styled case in this court, made in the performance of my official duties." The officer further testified that it is the practice of the Newport News Police Department to keep the original records on file with the General District Court (Traffic Division) and that, prior to his appearance, he had gone to the Clerk's Office to obtain a copy of the original document.

## II. *Analysis*

In determining the requirements concerning the use of a calibration certificate, the court reviewed § 46.2-882, which provides in pertinent part:

> In any court . . . proceeding in which any question arises about the calibration or accuracy of any laser speed determination device, radar, or microcomputer device . . . to determine the speed of any motor vehicle, *a certificate, or a true copy thereof,* showing the calibration of any tuning fork employed in calibrating or testing the device, and when and by whom the calibration was made, *shall be admissible* as evidence of the facts therein stated.

(Emphasis supplied.)

To determine the meaning of "a true copy," the court reviewed § 8.01-391, which governs the use of copies of originals when offered as evidence. Section B provides in pertinent part:

> If any department, division, institution, agency, board, or commission of this Commonwealth . . . *has copied any record made in the performance of its official duties,* such copy shall be as admissible into evidence as the original . . . *provided* that such copy *is authenticated as a true copy* either *by the custodian of said record or by the person to whom said custodian reports . . . and is*

*accompanied by a certificate that such person does in fact have the custody.*

(Emphasis supplied.)

On the copies of the calibration certificates offered into evidence, there is no notation or representation on either of the documents concerning the identity of the custodian of the original documents or that such copies were made by someone who had custody of the originals. Section 8.01-391(B), as an authentication procedure, requires that the department, division, or other political subdivision or agency copying the record, and subsequently certifying same as a true copy, also be the entity that "made" or "created" such record in the performance of its official duties. Proper authentication, accordingly, requires confirmation by the creator of the record that such is a true copy and that, at the time of copying, custody of the original document was maintained. Absent authentication by the custodian that such document is a true copy of the original record and that such custodian did in fact have custody, the requirements of § 8.01-391(B) have not been met, and the documents are not authenticated as true copies.

The Commonwealth argues, *inter alia*, that subsection C of § 8.01-391 is applicable and should allow the admission of the calibration certificates. Such section provides in pertinent part:

> If any court or clerk's office . . . has copied *any record made in the performance of its official duties*, such copy shall be admissible into evidence . . . provided that such copy is authenticated as a true copy by a clerk or deputy clerk of such court.

(Emphasis supplied.)

It is not disputed that the Clerk provided a true copy of the documents or "the record" made in the General District Court (Traffic Division). While the Clerk may authenticate the record compiled or "made" in the court below, the clerk did not "make" or "create" the calibration certificate and can, at best, provide only a certified copy of whatever was introduced into evidence. Such certification is not equivalent to authentication of a true copy by the creator of the original record made in the performance of official duties. This court can only speculate as to whether the original certificates or simply other copies of the calibration certificates were copied absent any statement by the governmental entity that made the record that the proposed copies are authenticated as true copies of the originals.

## III. *Finding*

While demanding compliance with these procedures may prompt criticism that form is being elevated over substance, the legislature has mandated these requirements for authenticating a record. A proponent of evidence must prove these necessary facts before the copy can by considered "authenticated." *Untiedt v. Commonwealth*, 19 Va. App. 836, 447 S.E.2d 537 (1994). Absent any evidence to prove these facts, the court can only speculate that the statutory requirements have been satisfied. In the absence of the original certificate, or a true copy thereof, made by the entity which in fact created the document and certified by the custodian of same, the radar calibration certificate is not admissible. There being no other evidence as to excessive speed, the charge against the defendant is dismissed.

The Commonwealth has requested the opportunity to provide the proper documentation at the hearing scheduled on October 9, 2001, which was scheduled for sentencing or dismissal. Both parties in this case have rested, and the time for introduction of evidence has expired. Since the court would not now allow the defendant to introduce new evidence, the Commonwealth shall also be precluded. Having determined that the charge should be dismissed, the hearing is cancelled.