Present:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
Goodwyn, JJ., and Lacy, S.J.

LURIA NICOLE GREENE

v.   Record No. 081151                OPINION BY SENIOR JUSTICE
                                      ELIZABETH B. LACY
COMMONWEALTH OF VIRGINIA               February 27, 2009

              FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal we consider whether a person who fails to
answer a subpoena issued by the Virginia Department of
Charitable Gaming (the Department) violates a provision of
Article 1.1:1 of Title 18.2, the Charitable Gaming statutes, and
therefore is guilty of a Class 1 misdemeanor pursuant to Code
§ 18.2-340.37.

                            FACTS

     In 2005, the Department was investigating the Phoebus
Athletic League.  In conjunction with the investigation, the
Department issued a subpoena to Luria Nicole Greene, the League
treasurer.  The subpoena required Greene to appear as a witness
and present certain documents to a Department agent on January
19, 2006 at the Department's office in Norfolk.  Greene did not
appear at the Department's office as directed in the subpoena.

     Greene was indicted for willfully failing to comply with
the Department's subpoena.  At trial, Greene moved to strike the
Commonwealth's evidence arguing that disobeying the Department's
subpoena was not a criminal offense.  The trial court denied

Greene's motion, found Greene guilty, sentenced her to a term of 60 days in the Norfolk city jail, and imposed a $500 fine. The trial court suspended the 60-day jail term and placed Greene on unsupervised probation for a period of two years.

Greene appealed her conviction to the Court of Appeals of Virginia arguing, inter alia, that no statute makes the failure to answer the Department's subpoena a crime. The Court of Appeals affirmed Greene's conviction in an unpublished opinion. Greene v. Commonwealth, Record No. 3012-06-1 (April 22, 2008). Greene filed a timely appeal to this Court, raising the same issue.

DISCUSSION

This appeal involves the construction of a penal statute. The applicable principles of statutory construction which we apply in such a case are well established. A penal statute must be strictly construed and may not be extended by implication. Jones v. Commonwealth, 276 Va. 121, 124, 661 S.E.2d 412, 414 (2008) (citations omitted). Courts must limit the application of a penal statute to cases falling clearly within the scope of the statute and may not add words to the statute. Farrakhan v. Commonwealth, 273 Va. 177, 181, 639 S.E.2d 227, 229 (2007). The construction of a statute is a matter of law which we review de novo. Id. at 180, 639 S.E.2d at 229.

Greene was indicted based on Code §§ 18.2-340.18 and 18.2-340.37.  Code § 18.2-340.18(4) gives the Department the authority to issue subpoenas for witnesses and for the production of documents.  Code § 18.2-340.37(A) states that "[a]ny person who violates the provisions of this article" is guilty of a Class 1 misdemeanor.  The "article" referenced in Code § 18.2-340.37 is Article 1.1:1, Chapter 8 of Title 18.2, styled "Charitable Gaming."  The unambiguous terms of the statute provide that a person is guilty of a Class 1 misdemeanor only if she violates a provision of Article 1.1:1.

Code § 18.2-340.18 is contained in Article 1.1:1, but while the section authorizes the Department to issue subpoenas, it does not state that the failure to comply with the subpoena is a statutory violation.  No other provision in Article 1.1:1 imposes a penalty for non-compliance with a Department-issued subpoena or makes such non-compliance a violation of a provision of that Article.[*]  Compare Code § 3.2-3218 (failure to comply with subpoena issued by Milk Commission is Class 2 misdemeanor),

---

[*] Although no penalty for non-compliance with a department-issued subpoena is contained in Article 1.1:1, such non-compliance does not escape penalty.  Code § 2.2-4022, of the Administrative Procedure Act, provides that "unless the basic law under which the agency is operating provides some other recourse, enforcement, or penalty, the agency may procure an order of enforcement [of the subpoena] from [the circuit] court."  A court may summarily find a person who fails to comply with a court-issued subpoena guilty of contempt.  Code § 18.2-456(5).

3

Code § 3.2-4726 (failure to comply with subpoena issued by Commissioner of Agriculture and Consumer Services guilty of contempt and certified to appropriate court for punishment), and Code § 4.1-319 (failure to comply with subpoena issued by the Virginia Alcoholic Beverage Control Board guilty of Class 1 misdemeanor).

As stated above, penal statutes must be strictly construed and may not be extended by implication. Therefore, we hold that because non-compliance with a subpoena issued by the Department is not identified as a violation of Article 1.1:1 of the Charitable Gaming Statutes, Greene could not be guilty of a Class 1 misdemeanor pursuant to Code § 18.2-340.37(A) for failure to comply with the subpoena issued by the Department.

Accordingly, we will reverse the judgment of the Court of Appeals affirming Greene's conviction, vacate that conviction, and dismiss the indictment against her.

Reversed, vacated, and dismissed.

4