## Richmond

Bernard Marice Williams, Etc. v. Commonwealth of Virginia.

June 12, 1972.

Record No. 7883.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*JeRoyd W. Greene, Jr.* (*Greene, Buxton and Poindexter*, on brief), for plaintiff in error.

*James E. Kulp, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Bernard Marice Williams,[1] defendant, was tried by a jury, convicted, and sentenced to twenty years in the State penitentiary for selling narcotic drugs to a minor on March 6, 1969, in violation of Code § 54-488. We granted defendant a writ of error limited solely to the question of whether copies of the arrest records of Billy Ray McHenry, filed by the Virginia Beach Police Department with the Central Criminal Records Exchange pursuant to Code § 19.1-19.3(a), were admissible for the purpose of showing his age at the time he purchased the narcotic drugs.

The record shows that McHenry, who was serving a sentence at the Southampton Prison Farm for several felony convictions, was not called as a witness. The only evidence offered as to his age consisted

1. Sometimes known as Bernard Maurice Williams.

of copies of the Exchange records presented by the police officer who had recorded the information thereon as it was told to him by Mc-Henry. The trial court limited the use of the records to those portions indicating McHenry's age.

Section 19.1-19.3(a), Code of 1950, as amended, 1960 Repl.Vol., 1971 Cum.Supp., provides in part that:

"* * * [T]he police officials of cities and towns, and any other local law-enforcement officer * * * having the power to arrest for a felony shall make a report to the Central Criminal Records Exchange, on forms provided by it, of any arrest on a charge of * * * any felony * * *. Such reports shall contain such information as shall be required by the Exchange * * *."

The form prescribed by the Exchange for the making of the report requires the local police to show the name and address of the person arrested, his age and date of birth, certain personal characteristics, and his place of employment, in addition to the offense charged and the circumstances of the arrest.

Section 8-266, Code of 1950, as amended, 1957 Repl.Vol., 1971 Cum.Supp., provides that a copy of any record or paper in the office of the Central Criminal Records Exchange "may be admitted as evidence in lieu of the original."

It is a generally recognized rule that records and reports prepared by public officials pursuant to a duty imposed by statute, or required by the nature of their offices, are admissible as proof of the facts stated therein. 30 Am.Jur.2d, Evidence, § 991, at 121; 32 C.J.S., Evidence, § 626, at 793. But the mere fact that a record or report qualifies as a public document does not automatically overcome the hearsay objection unless the document relates facts or events within the personal knowledge and observation of the recording official to which he could testify should he be called as a witness. *Bailey, Adm'x* v. *Hunter, Inc.*, 207 Va. 123, 125-26, 148 S.E.2d 826, 828 (1966); *Olender* v. *United States*, 210 F.2d 795, 42 A.L.R.2d 736 (9th Cir. 1954); 30 Am.Jur.2d, Evidence, § 991, at 122; 32 C.J.S., Evidence, § 626, at 794.

In the case at bar, copies of the reports filed with the Central Criminal Records Exchange were admitted as primary evidence and were the only evidence presented to prove the crucial question of McHenry's age. The information shown on the reports as to age and

date of birth was what McHenry told the recording officer, who had no personal knowledge of the truth of the statements. Testimony of the recording officer as to McHenry's age would have been hearsay and inadmissible. The fact that Code § 8-266, as amended, provides that a copy of an arrest report filed with the Exchange may be admitted in evidence does not mean that all items in the report may be admitted for any purpose.

We hold that McHenry's arrest records were not admissible under the public documents exception to the hearsay rule to prove that he was a minor at the time he purchased narcotics from Williams. Hence the judgment of the trial court is set aside and reversed and the case remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*