COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Benton and Senior Judge Hodges
Argued at Norfolk, Virginia

RANDOLPH EDWARD CARTHUNE, A/K/A
 JOHN EDGAR NORFLEET, A/K/A
 ARLANDERS B. WICHARD
                                        MEMORANDUM OPINION[*] BY
v.      Record No. 2576-93-1           JUDGE WILLIAM H. HODGES
                                           AUGUST 29, 1995
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                      A. Bonwill Shockley, Judge

        Andrew G. Wiggin (Office of the Public Defender, on
brief), for appellant.

        G. Russell Stone, Jr., Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


     The appellant, Randolph Edward Carthune, was convicted by a

jury of concealment of goods valued under $200 after having been

convicted at least twice of like offenses pursuant to Code

§§ 18.2-103 and 18.2-104.  On appeal, appellant contends that the

trial judge erred in admitting certain evidence, in refusing to

give a jury instruction, and in refusing to strike the evidence

based on insufficient evidence.  Finding no error, we affirm.

                    THE PRINT CARDS AND MUG SHOTS
            "It is a generally recognized rule that records
            and reports prepared by public officials pursuant
            to a duty imposed by statute, or required by the
            nature of their offices, are admissible as proof
            of the facts stated therein." Williams v.
            Commonwealth, 213 Va. 45, 46, 189 S.E.2d 378, 379
            (1972).  In Ingram v. Commonwealth, 1 Va. App.
            335, 338 S.E.2d 657 (1986), we held that the
            official records of the Division of Motor Vehicles

─────────────
     [*]Pursuant to Code § 17-116.010, this opinion is not designated
for publication.

were admissible as an exception to the hearsay rule "if the document 'relates facts or events within the personal knowledge and observation of the recording official to which he could testify should he be called as a witness.'" Id. at 339, 338 S.E.2d at 658; see also Hall v. Commonwealth, 15 Va. App. 170, 421 S.E.2d 887 (1992) (court order reflecting habitual offender adjudication recorded by DMV on an operator's driving record admissible).

In Virginia, "[t]he official records exception allows the admission of certain official public documents, without the necessity of producing the record keeper, so long as the keeper or entrant had personal knowledge contained in those records and could be called to testify regarding them." Hooker v. Commonwealth, 14 Va. App. 454, 456, 418 S.E.2d 343, 344 (1992).

Smoot v. Commonwealth, 18 Va. App. 562, 565, 445 S.E.2d 688, 690 (1994).

[A] fingerprint card, which Code § 19.2-390 requires the police to prepare and submit to the Central Criminal Records Exchange (CCRE) on special forms, is clearly a public record under the above statutory definition. It is no less a public record under this definition simply because the person arrested is required to apply his signature and fingerprints to it.

Reid v. Commonwealth, 16 Va. App. 468, 470, 431 S.E.2d 63, 64 (1993).

The Commonwealth satisfactorily explained the procedures used to create the fingerprint cards and mug shots and established their reliability. Because there was a question as to appellant's identity, the print cards and mug shots were relevant. Moreover, the fingerprint cards are public records and were admissible under that exception. Accordingly, the trial judge did not err in admitting the print cards and mug shots.

On appeal, a trial judge's ruling that the probative value of admitting relevant evidence outweighs any incidental prejudice to the accused will be reversed only on a clear showing of an abuse of discretion. Lewis v. Commonwealth, 7 Va. App. 596, 602, 376 S.E.2d 295, 298, aff'd on reh'g en banc, 8 Va. App. 574, 383 S.E.2d 736 (1989). Because the Commonwealth was constrained to prove that appellant had at least two prior convictions, and because there was doubt as to appellant's identity, we cannot say that the trial judge abused his discretion in admitting the two contested print cards.

## THE PRIOR CONVICTION ORDERS

Because the Commonwealth was obligated to prove at least two prior convictions, the trial court did not err by admitting the prior conviction orders and refusing to redact the references to the offenses for which appellant was previously convicted. See Essex v. Commonwealth, 18 Va. App. 168, 442 S.E.2d 707 (1994) (holding that conviction order which proves that an accused has been convicted of a specific felony is relevant and admissible to prove an essential element of offense); see also Dotson v. Commonwealth, 18 Va. App. 465, 445 S.E.2d 492 (1994). Also, the Commonwealth may show as many separate convictions as it wants. See Pittman v. Commonwealth, 17 Va. App. 33, 34, 434 S.E.2d 694, 695 (1993) (approving introduction of six prior convictions in prosecution for third offense concealment).

PRESENT RECOLLECTION REFRESHED

There are two ways to refresh a "witness's memory by allowing the witness to examine material, usually writings, which relate to the incident in question."  Charles E. Friend, The Law of Evidence in Virginia § 3-7 (4th ed. 1994).

> After examining the document or other material, the witness may then be able either to (1) put aside the material and testify from an independent recollection or (2) although without actual independent recollection, testify directly from the material placed before him. . . .
>     The most common (and least technical) method is to provide the witness with any material of counsel's choice and ask him to examine it.  Upon completion of his examination, the witness is required to testify from independent memory, which has supposedly returned to him upon sight of the refreshing material. . . .
>     Any material which actually stimulates or revives the witness's memory may be used.  It is not limited to writings, and may consist of anything which in fact stimulates memory.  It makes no difference whether the material was prepared by the witness or by some other person . . . .
>     There is no requirement that the material itself be admitted into evidence, or even that it be admissible. . . .
>     . . . [T]here seems to be little or no restriction on [the material's] use, except that the courts repeatedly emphasize that the memory must in fact be refreshed, and that the witness must, after examining the material, be able to speak from his or her own refreshed memory, and not from the source of the refreshment. . . .
>     The court has discretion to control or

> deny the use of the material if it appears that the procedure is being used to suggest or provide answers which are not in fact remembered by the witness. . . .

Id. (footnotes omitted) (explaining present recollection refreshed). See also McGann v. Commonwealth, 15 Va. App. 448, 451-52, 424 S.E.2d 706, 709 (1992).

Officer McElligott testified that his memory was refreshed after looking at the police report, and that he recalled appellant's "place of birth . . . as Norfolk."  Accordingly, the document was properly used to refresh his memory and the trial judge did not err in allowing him to refer to it.

## THE REFUSED JURY INSTRUCTION

> When a trial judge instructs the jury in the law, he or she may not "single out for emphasis a part of the evidence tending to establish a particular fact."  The danger of such emphasis is that it gives undue prominence by the trial judge to the highlighted evidence and may mislead the jury.  On the other hand, instructions should relate to the specific evidence of the case; abstract propositions of law do little to help and much to mystify a jury.

Terry v. Commonwealth, 5 Va. App. 167, 170, 360 S.E.2d 880, 882 (1987) (citations omitted) (finding that instructions did not suggest the credibility or weight which should be given any specific evidence at trial or impermissibly highlight any of the evidence to the exclusion of other evidence).

Appellant's proposed instruction improperly emphasized specific pieces of evidence relating to appellant's identity. Accordingly, the trial court did not err in refusing the

instruction. Although appellant claims that there was no general instruction on credibility and fact finding, he failed to proffer one or bring it to the trial judge's attention. Therefore, he cannot now complain of the absence of such an instruction. Rule 5A:18.

### SUFFICIENCY OF THE EVIDENCE

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

The February 24, 1987 and August 26, 1993 print cards contain appellant's fingerprints and list him as John Edgar Norfleet. The three prior conviction orders list John Edgar Norfleet as the person convicted. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was John Edgar Norfleet and that appellant had been convicted on three prior occasions. See Moffitt v. Commonwealth, 16 Va. App. 983, 987, 434 S.E.2d 684, 687 (1993) (holding that the accused failed to rebut the prima facie showing that he was person identified in prior conviction order).

For the aforementioned reasons, we affirm as to all issues.

Affirmed.

BAKER, J., concurring.

I concur in result with the majority.

BENTON, J., dissenting.


                                    I.

     The trial judge erred in admitting the fingerprint cards and
mug shots.  The Supreme Court of Virginia has stated that "the
mere fact that a record or report qualifies as a public document
does not automatically overcome the hearsay objection unless the
document relates facts or events within the personal knowledge
and observation of the recording official to which he could
testify should he be called as a witness."  Williams v.
Commonwealth, 213 Va. 45, 46, 189 S.E.2d 378, 379 (1972).  See
also Smith v. Woodlawn Constr. Co., 235 Va. 424, 431, 368 S.E.2d
699, 704 (1988).  Indeed, hearsay statements "traditionally have
been excluded because they have been perceived to lack the
conventional indicia of reliability and are not susceptible to
cross-examination."  Tickel v. Commonwealth, 11 Va. App. 558,
564, 400 S.E.2d 534, 538 (1991).

     In holding that a minor's arrest records were not admissible
under the public documents exception to the hearsay rule, the
Supreme Court reasoned that the minor's age could not be proven
by these records because the "date of birth was what [the minor]
told the recording officer, who had no personal knowledge of the
truth of the statements."  Williams, 213 Va. at 47, 189 S.E.2d at
380.  Consistent with that decision, this Court held in Tickel v.
Commonwealth, 11 Va. App. 558, 400 S.E.2d 534 (1991), that "the

                                   -8-

official documents exception to the hearsay rule is narrow in scope, encompassing only that information within the knowledge of the record keeper." Id. at 568, 400 S.E.2d at 540.  Thus, in Tickel, the sales price of a car, its odometer reading, and its transfer date were "facts that the record keeper had obtained from a third person" and were excluded as hearsay.  Id.

Charles W. Johnson, an employee of the Virginia Beach police, was offered by the Commonwealth as the custodian of the fingerprint cards.  Johnson testified concerning routine procedures involved in producing fingerprint cards.  He explained that after the arrestee's fingerprints are placed on a clean card, the arrestee is required to sign the card.  The employee who oversees the arrestee's fingerprints being made also must sign the card.  A photograph of the arrestee is also taken at this time by a clerk.  An officer then enters the fingerprints into the Automated Fingerprint Identification System to check for a criminal history in the computer files.  The fingerprint card then goes to a clerk who types information from the arresting officer's worksheet.  The information on the officer's worksheet, such as alias name, date of birth, height, weight, place of birth, social security number, previous state number or an FBI number is usually compiled by the officer from the person that was arrested.

All three fingerprint cards admitted in evidence had typed onto them alias names, date of birth, place of birth, and social

security number. That information had been gotten from the individuals being fingerprinted at the times those cards were created. None of the intake officers who typed those cards had personal knowledge of these facts. Thus, the trial judge erred in admitting the cards with these facts which were obtained from a third party and not within the personal knowledge of the record keeper. Williams, 213 Va. at 47, 189 S.E.2d at 380.

## II.

These cards contained information that Carthune had committed other, unrelated criminal offenses in Virginia Beach for which he was not on trial. The prejudicial effect of this evidence of unrelated arrests is apparent from the following events which occurred during jury deliberations:

COURT:     [The jury has] handed me exhibit -- For the record they've handed me out Exhibit Number 5 [fingerprint card #3] and placed above it what does the fingerprint card -- and in parenthesis -- August 1993 -- pertain to?

BAILIFF:    What they mean is they want to know what charge it is.

COURT:     And the only guidance I'm going to be able to give them is that they're just going to have to look at the exhibits they have and remember the evidence that they heard and I can't give them any other guidance to answer that question for them.

\*     \*     \*     \*     \*     \*     \*

(jury recalled to the courtroom)

Ladies and gentlemen, the bailiff has handed me out Exhibit Number 5 [fingerprint card #3] with a written question asking, What does the fingerprint card dated August 1993 pertain to?

\*     \*     \*     \*     \*     \*     \*

-10-

The only guidance that I can give you is you have to search your own recollections, look at the evidence that you heard, look at the exhibits that you have and solve the questions for yourself; and I know that that doesn't seem like I'm answering your question, and I guess the answer to your question is I can't answer the question for you. You're going to have to deliberate among yourselves using whatever evidence it was that you heard during the trial, your recollection of the testimony and the exhibits and the instructions that you have back there, and I really can't give you any more guidance than that.

The trial judge did not instruct the jury that the evidence was admissible for the limited purpose of proving Carthune's identity. See Rider v. Commonwealth, 8 Va. App. 595, 599, 383 S.E.2d 25, 27 (1989). Without the guidance of the judge to instruct the jury to limit their consideration of this evidence to Carthune's identity only, the jury was left to use the information on those fingerprint cards in any manner. Thus, the trial judge erred in admitting the two fingerprint cards without limiting the scope of their admissibility.

III.

The trial judge further erred in admitting the mug shots. In Johnson v. Commonwealth, 2 Va. App. 447, 345 S.E.2d 303 (1986), this Court adopted a three part test to determine the admissibility of "mug shots." To be admissible, each of the following three conditions must be met:

(1) The Government must have a demonstrable need to introduce the photographs;

(2) The photographs themselves, if shown to the jury, must not imply that the defendant has a prior criminal record; and

-11-

> (3)  The manner of introduction at trial must be such that it does not draw particular attention to the source or implications of the photographs.

Id. at 454, 345 S.E.2d at 307.

The evidence proved that a mug shot is taken each time a fingerprint card is produced.  The mug shots were of a typical nature, with a placard of information shown at chest level.  The placard bore a number, contained dates unrelated to the prior convictions at issue, and identified the Virginia Beach Police Department.  Thus, like the fingerprint cards, these mug shots implied that Carthune had a criminal record other than the prior convictions that the Commonwealth was required to prove.  Accordingly, the trial judge erred in admitting these photographs.

For these reasons, I would reverse Carthune's conviction and remand for a new trial.