COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Benton and McClanahan
Argued at Alexandria, Virginia


SEAN PATRICK HAWES

                                            MEMORANDUM OPINION* BY
v.        Record No. 1094-03-4              JUDGE JAMES W. BENTON, JR.
                                                 AUGUST 17, 2004
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                          William D. Hamblen, Judge

            Barry A. Zweig for appellant.

            Eugene Murphy, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


     A jury convicted Sean Patrick Hawes of petit larceny, third or subsequent offense, in

violation of Code §§ 18.2-96 and 18.2-104.  Hawes contends that the trial judge erred in denying his

motion *in limine*, which sought to exclude as hearsay a National Criminal Information Center report

of his convictions.  For the following reasons, we affirm the judgment.

                                              I.

     Prior to trial, Hawes sought a ruling from the trial judge that the report, which was to be

offered as evidence to prove Hawes's prior two larceny convictions in 1990, was hearsay.  Hawes

argued that the report did not satisfy the public records exception under the hearsay rule.  The trial

judge denied the motion.

     At trial, Officer Aaron Shore testified that he arrested Hawes for larceny and later obtained a

criminal record report, which revealed Hawes had two prior larceny convictions.  The prosecutor

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

introduced into evidence a redacted version of the report, which indicated a conviction for

misdemeanor concealment of merchandise in Fairfax County Circuit Court on May 31, 1990 and a

conviction for misdemeanor larceny in the City of Fairfax General District Court on July 10, 1990.

The jury convicted Hawes of petit larceny, a third or subsequent offense, and fixed his

sentence at eighteen months incarceration. The trial judge imposed the sentence and suspended

fifteen months of the sentence upon various conditions.

II.

In pertinent part, Code § 19.2-390 provides as follows:

> C. The clerk of each circuit court and district court shall make a
> report to the Central Criminal Records Exchange of (i) any
> dismissal, indefinite postponement or continuance, charge still
> pending due to mental incompetency or incapacity, nolle prosequi,
> acquittal, or conviction of, including any sentence imposed, or
> failure of a grand jury to return a true bill as to, any person charged
> with an offense listed in subsection A, including any action which
> may have resulted from an indictment, presentment or information.

Hawes does not contend that the larceny offenses at issue are not among the offenses listed

in subsection A of Code § 19.2-390. In addition, Hawes "concedes that under ordinary

circumstances, where a court is provided with a complete, accurate and authenticated copy of [the

report, it] would be admissible under the public documents exception to the hearsay rule." Indeed,

citing well established decisions, we have held that "'[u]nder [the official written documents]

exception, "records and reports prepared by public officials pursuant to a duty imposed by statute,

or required by the nature of their office, are admissible as proof of the facts stated therein."'"

Williams v. Commonwealth, 35 Va. App. 545, 552, 546 S.E.2d 735, 739 (2001) (quoting Taylor v.

Maritime Overseas Corp., 224 Va. 562, 565, 299 S.E.2d 340, 341 (1983)). See also Frye v.

Commonwealth, 231 Va. 370, 386-87, 345 S.E.2d 267, 279-80 (1986) (ruling that the National

Criminal Information Center report comes within the hearsay exception).

Hawes contends that the "presumption of reliability [accorded public documents] . . . was rebutted in this case by the obvious failures of the clerks of various courts to abide by . . . Code [§] 19.2-390(C)." He notes that the unredacted copy of the report indicated "Disposition Not Received" for three charges that are listed on the report. Although none of those charges were shown to the jury on the redacted version of the report, he argues that the report was neither complete nor accurate and, therefore, it was not reliable. We disagree.

The fact that the report lacks complete information about some of the charges that are listed on the report does not disqualify the report as a public document subject to admission as an exception to the hearsay rule. An attack on the reliability of the report because it fails to contain some items of required information goes merely to the matter of weight to be given to the report, not the admissibility of the report. See Kettler & Scott v. Earth Technology Cos., Inc., 248 Va. 450, 458-59, 449 S.E.2d 782, 786 (1994) (holding that, absent a showing of computer malfunction or alteration of the data, the "attack on the reliability of the information . . . goes merely to the weight of . . . testimony about the accuracy of the methodology used, and does not affect the admissibility of the disputed test-result evidence as a whole").

In this case, the Commonwealth was required to prove the existence of two larceny offenses in order to meet its burden of proving Hawes's current conviction was a third or subsequent offense. The record establishes that the redacted version of the report contained the information required by statute to be reported for the two offenses at issue. Indeed, Hawes does not argue that the two 1990 larceny convictions, which were used to convict him of the felony, as a third or subsequent offense, were invalid or improperly digested in the report. We hold, therefore, that the report was admissible as a public records exception to the hearsay rule.

Hawes also contends that the Commonwealth did not properly authenticate the report. Again, we disagree.

> In certain cases, where verification of the recorded facts is not possible through the personal knowledge of the recordkeeper, practical necessity nevertheless requires admission of recorded evidence which has a circumstantial guarantee of trustworthiness; this guarantee is provided where evidence shows the regularity of the preparation of the records and the reliance on them by their preparers or those for whom they are prepared.

Frye, 231 Va. at 387, 345 S.E.2d at 279-80.

The statute itself contains extensive reporting requirements that attest to the regularity of the creation and preparation of the records. See Code § 19.2-390. In addition, Officer Shore testified at trial that he conducted a record check on Hawes at the time of his arrest on April 9, 2002. The record check revealed two prior larceny convictions. When presented with the redacted version of the report dated July 26, 2002, Officer Shore testified that it showed the same information regarding the two prior larceny convictions in 1990. We hold, therefore, that the Commonwealth properly authenticated the report with the officer's testimony.

We, therefore, uphold the trial judge's decision and affirm the conviction.

Affirmed.