COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, Petty and Senior Judge Haley
Argued by teleconference

RODNEY LAMAR CARTER

                                                    MEMORANDUM OPINION[*]
v.        Record No. 1621-11-3                BY JUDGE D. ARTHUR KELSEY
                                                    DECEMBER 18, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
David A. Melesco, Judge

James C. Martin (Martin & Martin Law Firm, on brief), for
appellant.

Alice T. Armstrong, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


The trial court convicted Rodney Lamar Carter of possession of cocaine with intent to

distribute, third or subsequent offense, in violation of Code § 18.2-248(C). On appeal, Carter

claims the trial court erred by "admitting an unauthenticated copy of the certificate of analysis"

which identified the substance as cocaine. Appellant's Br. at 5. We disagree and affirm.

I.

On April 22, 2011, the prosecutor forwarded a copy of the certificate of analysis to

Carter's counsel pursuant to Code § 19.2-187.1. The case proceeded to trial on May 20, 2011, at

which time the prosecutor offered into evidence a photocopy of the certificate. Carter's counsel

objected, asserting that the copy violated the "best evidence rule" requiring an original certificate

to "be in the file." App. at 69. Denying the objection, the trial court noted the copy had been

"marked" and timely provided to Carter's counsel. Id. The court added that the copy had been

presented to Carter's counsel nearly a month before trial. Id. at 72.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Carter's counsel again raised the admissibility issue during closing argument. The prosecutor, explaining her need to "make a record," stated that "quite often we have cases where there are multiple co-defendants and we only get one original from the lab so quite often we file the original [in] one. It's here within the [breast] of the Court and if there's any question whatsoever we can pull [it] . . . ." Id. at 92. Accepting the prosecutor's proffer, the trial court again held, "I'm okay with it." Id.

The face of the certificate of analysis identifies Carter and two other suspects. These suspects, though described by counsel as co-defendants, were tried separately in the same court. The certificate includes two stamps. The first stamp appears to have been photocopied from the original certificate. The stamp reads:

> CLERK'S OFFICE CITY OF DANVILLE CIRCUIT COURT
> RECEIVED AND FILED: *10:40 A*.M. *01* / *27* / *11*
> TESTE_____*Lindre B. Hodge*_____ *01* / *27* / *11*
> ~~Clerk~~/Deputy Clerk

The second stamp appears to be an original stamp that was added to the photocopy of the certificate.[1] This stamp states:

> A COPY TESTE:
> GERALD A. GIBSON, CLERK
> BY ____*Lindre B. Hodge*____
>        Deputy Clerk

Relying on the certificate of analysis and other evidence presented by the Commonwealth, the trial court found Carter guilty.

---

[1] We reach these conclusions by examining the certificate of analysis marked as an exhibit in the trial court record. Carter's counsel does not contest either conclusion on appeal.

II.

On appeal, Carter concedes the certificate of analysis would have been admissible had it been an original rather than a photocopy. See Oral Argument Audio at 12:45 to 12:55. With commendable candor, Carter also admits it is "highly likely that [the copy] is exactly what the Commonwealth says" — a photocopy of the original certificate filed in one of the two co-defendants' cases. Id. at 19:11 to 19:21; see also id. at 12:22 to 12:39. Carter nonetheless contends the trial court erred by admitting into evidence an "unauthenticated copy of the certificate of analysis." Appellant's Br. at 5. For several reasons, we disagree.

We begin with the well-established presumption in Virginia that "trial judges know the law and correctly apply it." White v. White, 56 Va. App. 214, 217, 692 S.E.2d 289, 290-91 (2010) (brackets omitted) (quoting de Haan v. de Haan, 54 Va. App. 428, 445, 680 S.E.2d 297, 306 (2009)); see also Duggins v. Commonwealth, 59 Va. App. 785, 789 n.2, 722 S.E.2d 663, 665 n.2 (2012). We follow this presumption even when the litigants in the trial court misstate the governing legal principles or fail to mention them at all. See generally Banks v. Commonwealth, 280 Va. 612, 617, 701 S.E.2d 437, 440 (2010) ("Failure to make the argument before the trial court is not the proper focus of the right result for the wrong reason doctrine." (quoting Perry v. Commonwealth, 280 Va. 572, 580, 701 S.E.2d 431, 436 (2010))).

In this case, the prosecutor explained the common practice in multi-defendant cases of filing an original certificate in one defendant's court record and filing copies in the others. No doubt referring to the original certificate, the prosecutor proffered: "It's here within the [breast] of the Court and if there's any question whatsoever we can pull [it] . . . ." App. at 92. Carter's counsel never objected to the proffer or claimed that any part of it was factually inaccurate. The "unilateral avowal of counsel, if unchallenged," is a "proper proffer." Whittaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977). "Therefore, the trial court was

entitled to consider the proffer as true." Wright v. Commonwealth, 52 Va. App. 690, 697, 667 S.E.2d 787, 790 (2008) (*en banc*).

In Virginia, the best evidence rule requires that, "where the contents of a writing are desired to be proved, the writing itself must be produced or its absence sufficiently accounted for before other evidence of its contents can be admitted." Brown v. Commonwealth, 54 Va. App. 107, 115, 676 S.E.2d 326, 330 (2009) (emphasis and citation omitted); see generally Rules 2:1001 to 2:1008. The "original document rule" — a related principle usually thought of as an application of the best evidence rule — governs when copies of original documents may be admitted into evidence. Charles E. Friend & Kent Sinclair, The Law of Evidence in Virginia § 18-1[a], at 1190 (7th ed. 2012) (noting that "many authorities" describe the principle as the "original document rule").

These evidentiary principles developed in an age where documents were copied by hand and, given the possibility of copyist error, copies were treated by courts as inferior evidence. Id. § 18-4[a], at 1195. Courts have since "adjusted to the realities of modern technology" by applying the common law concept of "duplicate originals" to mechanically reproduced copies. Id.; see, e.g., Burton v. Seifert & Co., 108 Va. 338, 352-53, 61 S.E. 933, 939 (1908) (applying the duplicate original principle to "letter-press copies"); Ches. & O. R. Co. v. Stock, 104 Va. 97, 101, 51 S.E. 161, 162 (1905) (recognizing that a "carbon copy" may be regarded as a "duplicate original"). Under this view, "[m]any of the documents that we commonly refer to as 'copies' are in fact 'duplicate originals,' and are *treated* as 'originals' for purposes of the best evidence rule." Friend & Sinclair, *supra* § 18-4[a], at 1195 (emphasis in original).

Consequently, a photocopy "is admissible without regard to the availability of the original" when no one disputes the accuracy of the photocopying process. Allocca v. Allocca, 23 Va. App. 571, 579, 478 S.E.2d 702, 706 (1996); see also Frere v. Commonwealth, 19 Va. App.

460, 466-67, 452 S.E.2d 682, 686-87 (1995); Mostyn v. Commonwealth, 14 Va. App. 920, 923, 420 S.E.2d 519, 521 (1992); Myrick v. Commonwealth, 13 Va. App. 333, 339, 412 S.E.2d 176, 180 (1991). The production of the original document "may be dispensed with, in the trial court's discretion, *whenever in the case in hand the opponent does not bona fide dispute the contents of the document and no other useful purpose will be served by requiring production*." Friend & Sinclair, *supra*, § 18-4[a], at 1196 (emphasis in original) (quoting Allocca, 23 Va. App. at 580, 478 S.E.2d at 706 (further citation omitted)).

That said, any document offered into evidence — whether an original, duplicate original, or handwritten reprint — must be authenticated. "Authentication is merely the process of showing that a document is genuine and that it is what its proponent claims it to be." Jackson v. Commonwealth, 13 Va. App. 599, 602, 413 S.E.2d 662, 664 (1992) (quoting Owens v. Commonwealth, 10 Va. App. 309, 311, 391 S.E.2d 605, 607 (1990)). This can be accomplished by a variety of evidentiary means, including circumstantial evidence. "The amount of evidence sufficient to establish authenticity will vary according to the type of writing, and the circumstances attending its admission, but generally proof of any circumstances which will support a finding that the writing is genuine will suffice." Williams v. Commonwealth, 35 Va. App. 545, 556-57, 546 S.E.2d 735, 741 (2001) (citation omitted).

By statute, the General Assembly has provided shortcut methods of authenticating certain types of documents. One such statute is Code § 8.01-391, which "concerns copies of originals as evidence" and serves as a "statutory exception" to the original documents component of the best evidence rule. Williams, 35 Va. App. at 552, 546 S.E.2d at 739 (quoting Jackson, 13 Va. App. at 601, 413 S.E.2d at 664). Subsection C of Code § 8.01-391 addresses copies made by a court or clerk's office from its official record so long as "such copy is authenticated as a true copy by a clerk or deputy clerk of such court." See also Rule 2:1005(c) (reprinting Code § 8.01-391(C)).

Here, Carter's counsel never objected to the prosecutor's proffer that the original certificate was "here within the [breast] of the Court and if there's any question whatsoever we can pull [it] . . . ." App. at 92. Nor did he claim that any part of the prosecutor's explanation regarding the practice of filing photocopies in multi-defendant cases was inaccurate. This "unilateral avoval of counsel" stands "unchallenged" as a "proper proffer," Whittaker, 217 Va. at 969, 234 S.E.2d at 81, and "the trial court was entitled to consider the proffer as true," Wright, 52 Va. App. at 697, 667 S.E.2d at 790.

The exhibit itself confirms the prosecutor's proffer. It identifies Carter and two other suspects by name. A checkmark appears next to Carter's name. The document also includes a photocopied stamp signed by a deputy clerk of the Danville Circuit Court, further supporting the prosecutor's assertion that the original had been previously made part of the court's records in one of the other two cases.

Most important, the exhibit displays an original "COPY TESTE" stamp and signature of the same deputy clerk, authenticating the document as a copy made from the court's records. App. at 117. [2] A Latin word used as a legal term of art, *teste* literally means "I myself being a witness." Black's Law Dictionary 1613 (9th ed. 2009). A *teste* clause "states the name of a witness and evidences the act of witnessing." Id. Thus, the copy of the certificate (more accurately described as a duplicate original) was authenticated both by circumstantial evidence and by the statutory shortcut method authorized by Code § 8.01-391(C).

---

[2] Carter's appellate brief cites one case, Proctor v. Commonwealth, 14 Va. App. 937, 419 S.E.2d 867 (1992). We find Proctor inapplicable because the certificate in that case was not authenticated by a clerk of court pursuant to Code § 8.01-391(C), and because no one in the courtroom had seen the original certificate to proffer that the "copy was a true replica of the original." Id. at 939, 419 S.E.2d at 868. Cf. Williams, 35 Va. App. at 553, 546 S.E.2d at 739 (addressing admissibility of a copy of a certificate, but not one copied from court records and authenticated by a clerk of court).

III.

Because the trial court did not abuse its discretion in admitting into evidence the certified copy of the certificate of analysis, we affirm Carter's conviction for possessing cocaine with intent to distribute, third or subsequent offense, in violation of Code § 18.2-248(C).

<u>Affirmed.</u>