COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, Chafin and O'Brien
Argued at Williamsburg, Virginia


LEILA DENEEN DRAYTON

v.        Record No. 1734-17-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE TERESA M. CHAFIN
FEBRUARY 26, 2019


FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
W. Richard Savage, III, Judge Designate

James L. Grandfield, Public Defender, for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


At the conclusion of a bench trial, the Circuit Court of the City of Suffolk convicted Leila

Deneen Drayton of forgery, uttering, and attempting to obtain money by false pretenses.  On

appeal, Drayton contends that the circuit court erred by refusing to admit two documents

regarding "mystery shopper scams" into evidence pursuant to the public records exception to the

hearsay rule set forth in Virginia Rule of Evidence 2:803(8).  As the documents at issue were not

properly authenticated, we conclude that the circuit court correctly refused to admit them into

evidence.  Therefore, we affirm Drayton's convictions.

I.  BACKGROUND

"Under well-settled principles of appellate review, we consider the evidence presented at

trial in the light most favorable to the Commonwealth, the prevailing party below[, and] accord

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the Commonwealth the benefit of all inferences fairly deducible from the evidence." <u>Wilkins v. Commonwealth</u>, 292 Va. 2, 6-7 (2016). So viewed, the evidence is as follows.

On September 12, 2016, Drayton attempted to cash a fraudulent cashier's check at a branch of the Navy Federal Credit Union. Drayton was arrested and subsequently interviewed by Detective Faubion, a detective assigned to the economic crimes division of the Suffolk Police Department.

Drayton told Faubion that she received the fraudulent check through priority mail after she used the internet to apply for a job as a mystery shopper. Drayton explained that the check was accompanied by a letter informing her that she had been selected to complete a mystery shopping assignment evaluating a money-transferring service.[1] The letter directed Drayton to deposit the $2,498 check into her personal bank account, keep $300 as payment for the assignment (as well as an additional $48 to cover her expenses), and forward the remaining $2,150 to two individuals named in the letter. While Drayton told Faubion that she "felt like something was up with the check," she maintained that she did not believe that she was "doing anything wrong" and that she had been "tricked."

Drayton attempted to admit two documents pertaining to similar "mystery shopper scams" into evidence at her trial. These documents were copies of bulletins purportedly issued by the Federal Trade Commission ("FTC") and the United States Postal Service ("USPS"). The bulletins explained how "mystery shopper scams" worked and informed consumers to refrain from participating in any mystery shopping program that required them to cash checks and forward funds to other individuals. The copies of the bulletins were allegedly printed from the websites of the FTC and USPS at some point before the trial.

---

[1] The fraudulent check, the accompanying letter, and the envelope in which the documents were sent to Drayton were admitted into evidence at her trial.

- 2 -

Faubion briefly addressed the documents at issue when he testified at Drayton's trial. Faubion explained that he regularly read professional bulletins regarding different types of check cashing scams and that he had read an FTC bulletin specifically addressing "mystery shopper scams." He clarified, however, that he could not confirm that the bulletin he read was "directly from" the FTC. When Drayton's attorney asked Faubion to review the documents at issue, he confirmed that they purported to be issued by the FTC and USPS. Faubion did not provide any additional testimony regarding the documents.

As the documents at issue were ostensibly prepared by government agencies, Drayton maintained that they were admissible pursuant to the public records exception to the hearsay rule outlined in Virginia Rule of Evidence 2:803(8). The Commonwealth objected to the admission of the documents, arguing that Drayton had failed to establish their authenticity. In turn, Drayton responded that the documents were self-authenticating. Alternatively, she argued that Faubion's testimony provided an evidentiary foundation supporting the admission of the documents. The circuit court sustained the Commonwealth's objection and refused to admit the documents into evidence, explaining "if you're going to get in a government document, it has to have more authenticity than coming off of Google and the internet." The circuit court convicted Drayton of the charged offenses at the conclusion of her trial, and this appeal followed.

## II. ANALYSIS

On appeal, Drayton contends that the circuit court erred by refusing to admit the purported FTC and USPS documents into evidence. "[T]he determination of the admissibility of relevant evidence is within the sound discretion of the trial court subject to the test of abuse of that discretion." Adjei v. Commonwealth, 63 Va. App. 727, 737 (2014) (quoting Beck v. Commonwealth, 253 Va. 373, 384-85 (1997)). "In evaluating whether a trial court abused its discretion, . . . 'we do not substitute our judgment for that of the trial court. Rather, we consider

only whether the record fairly supports the trial court's action.'" Carter v. Commonwealth, 293 Va. 537, 543 (2017) (quoting Grattan v. Commonwealth, 278 Va. 602, 620 (2009)). We "will not disturb a trial court's decision to admit [or exclude] evidence absent a finding of abuse of . . . discretion." Id. (quoting Avent v. Commonwealth, 279 Va. 175, 197 (2010)).

Drayton maintains that the documents at issue were prepared by government agencies during the course of their official duties in order to warn consumers about similar scams involving alleged mystery shopping programs. Therefore, Drayton argues that the documents were admissible as public records pursuant to Virginia Rule of Evidence 2:803(8). Assuming without deciding that the documents at issue constituted public records, we conclude that the circuit court did not abuse its discretion by refusing to admit them into evidence at Drayton's trial. The record clearly establishes that Drayton failed to properly authenticate the documents.

Virginia Rule of Evidence 2:803 provides twenty-four exceptions to the general rule prohibiting the admission of hearsay statements into evidence.[2] Subsection (8) of that Rule applies to "Public Records and Reports." In pertinent part, Virginia Rule of Evidence 2:803 states,

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> **(8) Public Records and Reports.** In addition to categories of government records made admissible by statute, records, reports, statements, or data compilations, in any form, prepared by public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed within the scope of the office or agency's duties, as to which the source of the recorded information could testify if called as a witness; generally excluding, however,

---

[2] Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Va. R. Evid. 2:801(c). "Generally, if evidence is hearsay, '[it] is inadmissible unless it falls within one of the recognized exceptions to the hearsay rule.'" Adjei, 63 Va. App. at 738 (quoting Robinson v. Commonwealth, 258 Va. 3, 6 (1999)); see also Va. R. Evid. 2:802.

in criminal cases matters observed by police officers and other law enforcement personnel when offered against a criminal defendant.

The public records exception addressed in Virginia Rule of Evidence 2:803(8) is also known as the "official written documents exception" to the hearsay rule. See Adjei, 63 Va. App. at 740; Williams v. Commonwealth, 35 Va. App. 545, 552 n.5 (2001). "The underlying rationale which justifies admitting facts contained in official records as an exception to the hearsay rule is that the concern for reliability is largely obviated because the nature and source of the evidence enhance the prospect of its trustworthiness." Adjei, 63 Va. App. at 740 (quoting Ingram v. Commonwealth, 1 Va. App. 335, 338 (1986)).

While Virginia Rule of Evidence 2:803(8) exempts certain public records from the hearsay rule, such records, including "copies of records of the United States and its agencies[,] must be properly authenticated in order to be admissible." Scafetta v. Arlington Cty., 13 Va. App. 646, 648 (1992).[3] "The requirement of authentication . . . as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the thing in question is what its proponent claims." Va. R. Evid. 2:901. "The amount of evidence sufficient to establish authenticity will vary according to the type of writing, and the circumstances attending its admission, but generally proof of any circumstances which will support a finding that the writing is genuine will suffice." Williams, 35 Va. App. at 556-57 (quoting Walters v. Littleton, 223 Va. 446, 451 (1982)).

In the present case, Drayton merely printed copies of the purported FTC and USPS documents from the alleged websites of the respective agencies and then attempted to admit

---

[3] In Scafetta, an appellant requested a court to take judicial notice of a document issued by the Federal Communications Commission pursuant to Code § 8.01-388. See Scafetta, 13 Va. App. at 648. Unlike the appellant in Scafetta, Drayton did not request the circuit court to take judicial notice of the purported FTC and USPS documents. Rather, she attempted to admit the documents at issue into evidence at her trial.

them into evidence at her trial. Although Faubion briefly testified about the purported FTC and USPS documents, his testimony was insufficient to authenticate them. Faubion was not a custodian of the records at issue. See Adjei, 63 Va. App. at 740 ("A 'custodian' is 'one entrusted officially with guarding and keeping (. . . property, artifacts, [or] records.'") (quoting Williams, 35 Va. App. at 557)). Furthermore, Faubion did not create the documents at issue by printing them from the internet. While Faubion testified that the documents were ostensibly issued by the FTC and USPS, he could not confirm that the documents were actually issued by these agencies or that they were genuine.

At most, Faubion's testimony established that he previously reviewed a bulletin issued by the FTC regarding "mystery shopper scams." This bulletin may or may not have been the same bulletin contained in the purported FTC document at issue in this case. Moreover, Faubion expressly clarified that he could not confirm that the document he reviewed was issued "directly from" the FTC.

Under these circumstances, we conclude that the circuit court did not err by refusing to admit the documents at issue into evidence. As Drayton failed to properly authenticate the documents, they were inadmissible at her trial.

## III. CONCLUSION

For the reasons stated, we affirm Drayton's convictions.

Affirmed.